**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Arthur Dale Senty-Haugen,                                    No. 25-cv-3377 (KMM/DJF)

      Petitioner,

v.                                                                        **ORDER**

Minnesota Department of Human
Services; and Minnesota Sex Offender
Program,

      Respondents.

---

In a Report and Recommendation ("R&R") dated February 12, 2026, United States Magistrate Judge Dulce J. Foster recommended that Petitioner Arthur Dale Senty-Haugen's Petition for a writ of habeas corpus be denied, the action be dismissed, and that no certificate of appealability be issued. (Dkt. 12.) Judge Foster concluded that the Petition should be denied because Mr. Senty-Haugen both failed to exhaust his state-court remedies and lacked standing to challenge the decision by the State of Minnesota, via the Minnesota Sex Offender Program ("MSOP"), to transfer him into the custody of the Federal Bureau of Prisons. (*Id.* at 5–9.) Judge Foster also recommended that no certificate of appealability be issued because "no reasonable jurist would find this recommended dismissal debatable." (*Id.* at 9.) Mr. Senty-Haugen filed his objections on March 23, 2026. (Dkt. 13.)

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County.*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3).

After carefully reviewing the R&R and the entire record, the Court finds no error and adopts the R&R. Mr. Senty-Haugen foremost objects to the conclusion that he failed to exhaust his state court remedies before filing his Petition. (Dkt. 13 at 1.) He argues that he lacks any avenue to challenge MSOP's detainer because he is no longer in MSOP custody, which his former counsel advised made internal agency review unavailable. (*Id.*) But even if this were true, Mr. Senty-Haugen does not allege that he has attempted to challenge his detainer by filing a lawsuit in Minnesota state courts. Without having done so, Mr. Senty-Haugen has not exhausted his state court remedies, and the Court is precluded from hearing his Petition. *See* 28 U.S.C. § 2254(b)(1); *Parette v. Lockhart*, 927 F.2d 366, 366–67 (8th Cir. 1991) (holding a petitioner failed to exhaust his state court remedies where he "never presented his challenge to the Louisiana detainer to a Louisiana state court"). Accordingly, the Petition is dismissed without prejudice. *See Whatley v. Morrison*, 947 F.2d 869, 870 (8th Cir. 1991) ("When a district court dismisses a habeas petition for petitioner's failure to exhaust state remedies, . . . the dismissal should be

2

without prejudice."). The Court also agrees that no certificate of appealability should be issued.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1.  Mr. Senty-Haugen's Objections (Dkt. 13) are **OVERRULED**;

2.  The Magistrate Judge's R&R (Dkt. 12) is **ACCEPTED**;

3.  Petitioner Arthur Dale Senty-Haugen's Petition for a writ of habeas corpus (Dkt. 1) is **DENIED without prejudice**; and

4.  No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: March 24, 2026                    *s/ Katherine M. Menendez*
                                        Katherine M. Menendez
                                        United States District Judge

3