## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Arthur Dale Senty-Haugen,

Petitioner,

v.

Minnesota Department of Human
Services; and Minnesota Sex Offender
Program,

Respondents.

No. 25-cv-3377 (KMM/DJF)

**ORDER**

In a March 24, 2026 Order, the Court adopted the Report and Recommendation ("R&R") of U.S. Magistrate Judge Dulce J. Foster and denied Petitioner Arthur Dale Senty-Haugen's Petition for a Writ of Habeas Corpus. (Dkt. 14 (Order); Dkt. 12 (R&R).) The Court further agreed with Judge Foster that no certificate of appealability should be issued. (Dkt. 14 at 2–3.) On April 29, 2026, Mr. Senty-Haugen filed (1) a notice of appeal to the U.S. Court of Appeals for the Eighth Circuit (Dkt. 18); (2) an application to proceed *in forma pauperis* ("IFP Application") on appeal (Dkt. 19); and (3) an application for issuance of a certificate of appealability ("COA"), captioned as intended for the Eighth Circuit ("COA Application") (Dkt. 17).

The Court starts with the COA Application. To the extent Mr. Senty-Haugen seeks a COA from this Court, that Application is denied because he has not made "a substantial showing of the denial of a constitutional right" as concluded in both the R&R and March

1

24 Order. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a petition is dismissed on procedural grounds, a certificate of appealability is appropriate if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). To the extent Mr. Senty-Haugen seeks to appeal these COA denials to the Eighth Circuit, his notice of appeal serves this purpose. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (construing a notice of appeal following the district court's denial of a COA as an application for a COA with the court of appeals).

The Court also denies the IFP Application. An appellant may only proceed IFP if the appeal is taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). While Mr. Senty-Haugen qualifies financially for IFP status, the Court denies his IFP Application because the appeal does not meet the "taken in good faith" standard for the same reasons the Court denied the COA Application. (*See* Dkt. 12 at 9 (declining to issue a COA because no reasonable jurists would find it debatable that the petition should be dismissed); Dkt. 14 at 3 (agreeing that no COA should issue).)

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. To the extent Plaintiff Arthur Dale Senty-Haugen's Application for Issuance of a Certificate of Appealability (Dkt. 17) is a request directed at this Court, that request is **DENIED**; and

2

2. Mr. Senty-Haugen's Application to Proceed *In Forma Pauperis* (Dkt. 19) is **DENIED**.

Date: May 6, 2026

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge